**WACHOVIA BANK, N.A. and Wachovia Capital Markets, LLC, Plaintiffs,**

v.

**VCG SPECIAL OPPORTUNITIES MASTER FUND, LTD., Defendant.**

No. 08 Civ. 5655(LTS).

United States District Court, S.D. New York.

Aug. 6, 2012.

Patrick L. Robson, Shawn Patrick Regan, Hunton & Williams, LLP, New York, NY, for Plaintiffs.

Steven Glen Mintz, Terence William McCormick, Mintz & Gold LLP, New York, NY, for Defendant.

## MEMORANDUM ORDER

LAURA TAYLOR SWAIN, District Judge.

Plaintiffs Wachovia Bank, N.A. ("Wachovia Bank"), and Wachovia Capital Markets, LLC ("WCM" and, collectively, "Plaintiffs"), commenced this action against defendant VCG Special Opportunities Master Fund, Ltd. (f/k/a CDO Plus Master Fund, Ltd.) ("VCG" or "Defendant"), to enjoin an arbitration proceeding initiated by Defendant before the Financial Industry Regulatory Authority ("FINRA") (the "FINRA Arbitration").[1] Plaintiffs' motion for summary judgment was granted in accordance with the mandate of the United States Court of Appeals for the Second Circuit that was issued on January 9, 2012. Wachovia Bank now moves for an award of attorneys' fees and costs. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. For the following reasons, the motion will be granted.

### Background

The parties' familiarity with the facts of this case is presumed. In 2007, a credit default swap agreement was entered into by Wachovia Bank and VCG. The agreement was memorialized in four separate documents, one of which incorporated the following non-reliance provision:

(g) **Non–Reliance.** For any Relevant Agreement: ... [the party] acknowledges that the other party acts only at arm's length and is not its agent, broker, advisor or fiduciary in any respect, and any agency, brokerage, advisory or fiduciary services that the other party (or any of its affiliates) may otherwise provide to the party (or to any of its affili-

ates) excludes the Relevant Agreement, ... [that] it is relying solely upon its own evaluation of the Relevant Agreement ... [and that] it understands the Relevant Agreement and those risks, has determined they are appropriate for it, and willingly assumes those risks, and ... [that] it has not relied and will not be relying upon any evaluation or advice ... from the other party, its affiliates or the representatives or advisors of the other party or its affiliates (except representations expressly made in the Relevant Agreement or an opinion of counsel required thereunder).

*See Wachovia Bank v. VCG Special Opportunities Master Fund,* 661 F.3d 164, 168 (2d Cir.2011). Section 11 of the Master Agreement memorializing the agreement between Wachovia Bank and VCG provided that a party is entitled to recover "all reasonable out-of-pocket expenses, including legal fees ... incurred by reason of the enforcement and protection of its rights under this Agreement." (ISDA Master Agreement ¶ 2, Regan Decl. Ex. A.)

In connection with the credit default agreement, VCG initiated arbitration proceedings against WCM, an affiliate of Wachovia Bank, before the Financial Industry Regulatory Authority ("FINRA"), premised upon an assertion that VCG was a "customer" of WCM. Plaintiffs brought the instant suit, seeking to enjoin that arbitration. Initially, this Court granted summary judgment in VCG's favor. On appeal, that decision was reversed and the case remanded.

Wachovia Bank represents that it incurred 100% of Plaintiffs' legal fees and costs in litigating the instant action. Plaintiffs are not seeking reimbursement

---

**1.** *VCG Special Opportunities Master Fund, Ltd. f/k/a CDO Plus Master Fund, Ltd. v. Wachovia Capital Markets, LLC,* FINRA Dispute Resolution Number 08–01420. (Complaint, Ex. 3.)

for any of the expenses incurred in connection with the FINRA arbitration.

In their complaint, Plaintiffs indicated that they were seeking "[i]nterest, costs, and such other and further relief as to the Court may seem proper and equitable, including an award of reasonable attorney's fees." (Complaint p. 19.) In their initial disclosures, Plaintiffs indicated under the heading "Computation of Damages" that Plaintiffs were seeking, among other relief, "all costs associated with the prosecution of this action, including reasonable attorneys' fees." (Plaintiffs' Initial Disclosures p. 3, Regan Decl. Ex 2.)

## Discussion

### Standing

 VCG asserts that Wachovia Bank lacks standing in this action and that no contractual basis exists for Wachovia Bank to recover attorneys' fees, because the underlying suit involved VCG's attempt to compel arbitration against WCM only, not Wachovia Bank. For standing, a plaintiff must have "suffered an injury in fact that is distinct and palpable; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision." *Denney v. Deutsche Bank AG,* 443 F.3d 253, 263 (2d Cir.2006) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted)). Here, VCG deprived Wachovia Bank of the benefit of a bargained-for provision of their credit default swap agreement, wherein VCG disclaimed any brokerage or advisory relationship as between VCG and any affiliate of Wachovia Bank. VCG's efforts to compel arbitration with WCM contravened that contractual disclaimer, as VCG's efforts depended upon an assertion that VCG had become a brokerage or advisory "customer" of WCM. Wachovia Bank has standing to enforce the disclaimer provision of its bargained for agreement. Indeed, the

Second Circuit, notwithstanding VCG's argument that Wachovia lacked standing, directed this Court to enter judgment in favor of both Wachovia and WCM. As the ISDA Master Agreement also provides that a party is entitled to "out of pocket expenses" and "legal fees" incurred when enforcing the rights contained therein, Wachovia Bank has a valid contractual basis for seeking attorneys' fees and costs.

### Wachovia Bank Seeks Reimbursement for 100% of Expenses

VCG asserts that Wachovia Bank's fee application is unreasonable because it is premised on a representation that 100% of the fees incurred by Plaintiffs in connection with this litigation were incurred by Wachovia Bank and 0% by WCM.

 Wachovia Bank has submitted its attorneys' invoices in support of its fee application, all of which indicate that Wachovia Bank is the client being billed, and VCG has not cited to any billing entries for tasks that would not have been incurred if Wachovia Bank had chosen to bring this action on its own, without WCM as a co-plaintiff. Moreover, Wachovia Bank's responsibility for 100% of the Plaintiffs' legal fees is not unreasonable given that VCG's attempt to compel arbitration with WCM arose in connection with a contract between Wachovia Bank and VCG only, not WCM. Because VCG has not proffered evidence to dispute Wachovia Bank's allegation that it incurred 100% of the attorneys' fees and costs in this action, the Court finds that the allocation of 100% of Plaintiffs' attorneys' fees and costs to Wachovia Bank is not unreasonable.

### Timeliness of the Fee Application

VCG contends that Wachovia Bank's application for attorneys' fees and costs is untimely, as Wachovia Bank did not plead attorneys' fees as special damages. VCG

contends that, as a result, it has been prejudiced because, "[h]ad it been aware that there was a risk (however slight) of a claim for attorney's fees, VCG might well have made different strategic choices in order to minimize its adversary's legal costs." (VCG's Mem. in Opp. p. 13.) Wachovia Bank responds that VCG was on notice that attorneys' fees would be sought as damages, given that the Master Agreement provided for the payment of attorneys' fees, the complaint indicated that Plaintiffs' were seeking attorneys' fees, and Plaintiffs' reiterated in their Initial Disclosures that they were seeking attorneys' fees.

 A plaintiff's "failure to specifically request attorney's fees … does not in itself prevent recovery." *In re Palermo,* 08 Civ. 7421, 2011 WL 3874866, *19 (S.D.N.Y. Sept. 2, 2011) (quoting *Klarman v. Santini,* 503 F.2d 29, 36 (2d Cir.1974)). Under Rule 54(c) of the Federal Rules of Civil Procedure, an award of attorneys' fees is permitted even where attorneys' fees have not been pleaded as special damages, so long as no prejudice was suffered. *Id.* (citing *In re Rivastigmine Patent Litig.,* 05 Md. 1661, 2007 WL 1154000 at *8 (S.D.N.Y. Apr. 19, 2007) (collecting cases)). Here, VCG was on notice that Wachovia Bank would seek attorneys' fees, by virtue of the fee-shifting provision in the Master Agreement, the complaint, and Plaintiffs' Initial Disclosures. VCG's contention that it was unaware that Wachovia Bank would seek attorneys' fees and, thus, that VCG has been prejudiced, is unavailing.

*Reasonableness of Fees and Costs*

VCG challenges the reasonableness of Wachovia Bank's application on the grounds that the number of hours expended is facially unreasonable and excessive, that some of Wachovia Bank's attorneys' billing entries are vague, that Wachovia Bank should not be compensated for the time counsel incurred in creating a quarterly budget, and that Wachovia Bank has not provided necessary documentation to support some of its costs.

 Wachovia Bank's application for attorneys' fees is not facially unreasonable or excessive. Wachovia Bank seeks reimbursement for 1,360.70 hours of work expended by counsel over the course of this litigation. This litigation presented a unique fact pattern and required multiple rounds of briefing, first at the district court level on a motion for summary judgment, then at the appellate level and once more at the district court level for the instant application. Given the unique fact pattern and amount of work required, 1,360.70 hours is not facially unreasonable or excessive.

Wachovia Bank's counsels' billing entries are not unreasonably vague. Time entries need only identify the "general subject matter" of the work performed. *Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). VCG challenges as unreasonably vague billing entries indicating, for example, that an attorney "[a]nalyze[d] and draft[ed] Second Circuit documents" and that a paralegal "[a]ssist[ed] … with hearing preparations for hearing before Judge Swain." (VCG's Mem. in Opp. p. 18.) These billing entries identify the general subject matter of the work performed and, therefore, the Court declines to find that Wachovia Bank's fee request is unreasonable on account of these entries and the other entries cited by VCG.

 VCG's argument that Wachovia Bank should not be reimbursed for the time that counsel spent drafting a quarterly budget is unavailing. "[T]he creation of a litigation budget is reasonable and necessary to well-managed litigation." *CDO Plus Master Fund Ltd. v. Wachovia Bank,*

*N.A.*, 07 Civ. 11078, 2011 WL 4526132, *5 (S.D.N.Y. Sept. 29, 2011).

Finally, Wachovia Bank has provided adequate documentation of the costs incurred, in the form of invoices from counsel that indicate the date, nature and amount of all costs incurred, including reasonable travel expenses and printing costs.

### *Conclusion*

For the foregoing reasons, Wachovia Bank is hereby awarded a total of $723,142.69 for attorneys' fees and costs incurred in connection with this action.

This Memorandum Order resolves docket entry number 69.

SO ORDERED.